UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JULIETTE HARCH                                      CIVIL ACTION

VERSUS                                              NO. 21-102

MADELINE LANE, ET AL.                               SECTION: H(3)

ORDER AND REASONS

Before the Court is Plaintiff Juliette Harch's Motion to Remand (Doc. 4). For the following reasons, this Motion is **DENIED**.

BACKGROUND

This personal injury case arises out of a motor vehicle accident that took place on October 11, 2019 in New Orleans, Louisiana. Following the accident, Plaintiff Juliette Harch brought suit in the Civil District Court for the Parish of Orleans against the following: the driver of the other vehicle, Madeline Lane; her mother, Jill Lane; Progressive American Insurance Company ("Progressive"); and Safeco Insurance (collectively, "Defendants"). Plaintiff alleges that as a result of the accident she suffered property damage, past and future mental and physical pain and suffering, medical expenses, rental expenses, loss of earnings, future loss of earning capacity, and permanent disability.

1

On January 18, 2021, Progressive removed the action to this Court asserting diversity jurisdiction under 28 U.S.C. § 1332.[1] Shortly thereafter, Plaintiff filed the instant Motion to Remand arguing that diversity jurisdiction does not exist because there is not complete diversity and the amount in controversy does not exceed $75,000.[2] Progressive opposes.[3]

On September 10, 2021, the Court ruled that complete diversity was satisfied because Defendants presented sufficient evidence that Madeline Lane is domiciled in Florida, contrary to Plaintiff's claim that both Ms. Lane and Plaintiff were domiciled in Louisiana.[4] On the issue of the amount in controversy, the Court deferred ruling and allowed the parties to conduct jurisdictional discovery. After the additional discovery period closed, Plaintiff filed an Amended Complaint in which she states that "Plaintiff agrees with the allegation of [Progressive] that the amount in controversy in this matter is greater than $75,000."[5]

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[6] The burden is on the removing party to show "that federal jurisdiction exists and that

---

[1] *See* Doc. 1.
[2] *See* Doc. 4.
[3] *See* Doc. 9.
[4] *See* Doc. 11.
[5] Doc. 15, ¶ 7.
[6] 28 U.S.C. § 1441.

removal was proper."[7] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[8] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand."[9] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[10]

## LAW AND ANALYSIS

The Court finds that Progressive has carried its burden of showing that diversity jurisdiction exists. The Court previously found that Progressive properly demonstrated complete diversity.[11] Plaintiff now agrees that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, the Court denies Plaintiff's Motion to Remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 4) is **DENIED**.

---

[7] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[8] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723; *see also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).
[9] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).
[10] 28 U.S.C. § 1447(c).
[11] *See* Doc. 11.

New Orleans, Louisiana this 16th day of December, 2021

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**